IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

MALISA THAMMARATH,
    Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.,
a Pennsylvania Corporation,

    Defendant.

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and declaratory relief is available pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

### VENUE

3. Venue in this District is proper because the Defendant transacts business here, the conduct complained of occurred here, and the Plaintiff resides here.

## PARTIES

4. Plaintiff, Malisa Thammarath, is a natural person who resides in Denver County, Colorado. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, NCO Financial Systems, Inc., (hereinafter "NCO"), is a Pennsylvania corporation and a collection agency engaged in the business of collecting debts in this state, with its principal place of business located at 507 Prudential Road, Horsham, PA 19044. The principal purpose of the Defendant is the collection of debts using the mails and telephone, and the Defendant regularly attempts to collect debts alleged to be due another.

6. The Defendant is a "debt collector" as defined in the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. Sometime on or before 1998, the Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely an amount due and owing on a personal charge account owed to AT&T Universal Card.

8. Due to circumstances beyond her control, the account was not paid by the Plaintiff and it went into default with the original creditor.

9. Sometime thereafter, the alleged debt was assigned, placed, or otherwise transferred to the Defendant for collection from the Plaintiff, Malisa Thammarath.

10. On February 20, 2007, the Defendant, NCO, filed a lawsuit against the Plaintiff in the County Court of Denver County, case no. 07C07518, for the purpose of collecting an amount allegedly owed by the Plaintiff on her account with AT&T Universal Card.

11. The Plaintiff made her last payment on her AT&T Universal Card account in September, 2000. Therefore, Plaintiff's account with AT&T Universal Card went into default in October, 2000.

12. The Plaintiff made no payments on her AT&T Universal Card account after the account went into default in October, 2000.

13. Colorado Revised Statutes § 13-80-103.5(1)(a) provides that an action to recover a debt shall be commenced within six years after the cause of action accrues.

14. The Defendant sought to collect the alleged debt from Plaintiff by litigation in February, 2007, more than six years after Plaintiff's account went into default and the cause of action accrued.

15. The Defendant's action in filing a lawsuit against the Plaintiff to collect a debt that was barred by the statute of limitations is a violation of the FDCPA, including, but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

16. The actions of the Defendant and its representatives, employees, and/or agents constitute false, deceptive, or misleading representations which violate 15 U.S.C. § 1692e.

17. The actions of the Defendant and its representatives, employees, and/or agents were unconscionable and unfair, violating 15 U.S.C. § 1692f.

18. As a result of the Defendant's collection activities, the Plaintiff was forced to incur attorney's fees in order to retain counsel to represent her in the lawsuit filed by the Defendant in the County Court of Denver County, case no. 07C07518. The Plaintiff

       was also forced to pay court costs to file an Answer asserting the statute of limitations defense in response to the Defendant's lawsuit.

19. As a result of the Defendant's collection activities, the Plaintiff has suffered economic loss and actual damages.

## TRIAL BY JURY

20. The previous paragraphs are hereby incorporated into this Count as if set forth in full.

21. The Plaintiff is entitled to and hereby demands a trial by jury. US Const. amend. 7; Fed. R. Civ. Pro. 38.

## CLAIM FOR RELIEF -- FDCPA

22. The previous paragraphs are hereby incorporated into this Count as if set forth in full.

23. The acts and omissions of the Defendant and its representatives, employees, and/or agents constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

24. Defendant's violations are willful and intentional.

25. Defendant's violations are negligent.

26. Pursuant to FDCPA Section 1692k and the Declaratory Relief Act, the Plaintiff is entitled to declaratory judgment that the Defendant's conduct violated the FDCPA, as well as actual damages, statutory damages up to $1000.00, reasonable attorney's fees, and costs.

## RESPONDEAT SUPERIOR

27. The previous paragraphs are hereby incorporated into this Count as if set forth in full.

28. The representatives, employees and/or agents of the Defendant were employees of and/or agents for the Defendant, were acting within the course and scope of their employment at the time of the incidents complained of herein, and were under the direct supervision and control of the Defendant at all times mentioned herein.

29. The negligence and actions of the representatives, collectors, and/or agents of the Defendant are imputed to their employer, the Defendant.

30. As a direct and proximate result of the aforesaid negligence and actions, the Plaintiff has suffered the aforementioned damages.

## PRAYER FOR RELIEF

31. WHEREFORE, the Plaintiff prays that the Court grant the following:

    A)   Actual damages under 15 U.S.C. § 1692k(a)(1);

    B)   Statutory damages under 15 U.S.C. § 1692k(a)(2)(A);

    C)   Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    D)   A declaration under federal law concerning the illegality of the Defendant's acts and practices pursuant to 28 U.S.C. § 2201;

    E)   Such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/ Kathryn Hall
Kathryn Hall, Esq.
Law Office of Kathryn Hall
8910 Ralston Road, Suite 203
Arvada, CO 80002
Telephone: (303) 456-5928
FAX: (303) 456-5410
E-mail: kathrynhall@khalllawoffice.com
Attorney for Plaintiff Malisa Thammarath

Plaintiff's Address:
699 W. 29th Avenue, Unit 3311
Denver, CO 80202-7112